C&J SOFTWARE SOLUTIONS, INC.

        Plaintiff,                   **COMPLAINT**

vs.                                    **JURY TRIAL DEMANDED**

NUEVA VIDA MEDIA, LLC, and
MARC ANGELO GARCIA,

        Defendants.

## COMPLAINT FOR TRADEMARK INFRINGEMENT

Plaintiff, C&J Software Solutions, Inc., complaining of the Defendants, Marc Angelo Garcia and Nueva Vida Media, LLC, allege as follows:

1. Plaintiff, C&J Software Solutions, Inc., ("C&J") is a corporation incorporated under the laws of the State of North Carolina having principal offices located at 601 Alliance Court, Asheville, NC 28806.

2. Defendant Nueva Vida Media, LLC, is a South Carolina limited liability company located at 413 Mont Vale Road, Lyman, South Carolina 29365.

3. Upon information and belief, Marc Angelo Garcia is domiciled in South Carolina at 413 Mont Vale Road, Lyman, South Carolina 29365. Upon information and belief, Marc Angelo Garcia is President and Owner of Nueva Vida Media. Nueva Vida Media and Marc Angelo Garcia are hereby known as collectively as "Defendants".

4. This Court has subject matter jurisdiction over this action for trademark

infringement and unfair competition under the Lanham Act of 1946, 15 U.S.C. 1051-1127, including sections 32 and 43, concerning unfair competition. This Court also has jurisdiction by the general Federal questions statute, 28 U.S.C. 1331, 1332, 1338 (a), (b).

5. Personal jurisdiction over the Defendants is based on, inter alia, the Defendants causing tortuous injury in the State of North Carolina and particularly in Buncombe County, North Carolina.

6. Venue is proper in this Court under 28 U.S.C. 1391(b) and (c) and 28 U.S.C.1400.

7. C&J is the owner of U.S. Trademark Registration No. 5862646, attached hereto as Exhibit A, for the trademark "POWERCHURCH SOFTWARE", as applied to providing on-line non-downloadable software for management of data for use in non-profits, churches, and other religious institutions; Providing temporary use of non-downloadable cloud-based software for management of data for use in non-profits, churches, and other religious institutions; Software as a service (SAAS) services featuring software for management of data for use in non-profits, churches, and other religious institutions, which was registered on September 17, 2019, in International Class 42, at the U.S. Patent and Trademark Office.

8. C&J or its assignor have used the POWERCHURCH SOFTWARE mark continuously in commerce since at least December 4, 2007. C&J is based in Asheville, North Carolina, but has customers nationwide.

9. C&J is also the owner of U.S. Trademark Registration No. 1412159, attached hereto as Exhibit B, for the trademark "POWERCHURCH PLUS" as applied to providing computer programs for use in Church Administration, which was registered on October 7, 1986, in International Class 09, at the U.S. Patent and Trademark Office.

10. C&J or its assignor have used the POWERCHURCH PLUS mark continuously in

commerce since March 19, 1986.  POWERCHURCH SOFTWARE and POWERCHURCH PLUS are hereinafter referred to as the "Marks".

11. The public has come to recognize and to identify the goods and services associated with the Marks as exclusively representing the source of such goods and services as being C&J.

12. Plaintiff's trademarks grant it the exclusive right to the word marks "POWERCHURCH SOFTWARE" and "POWERCHURCH PLUS" in connection with computer programs.

13. The Marks are distinctive, and a potential consumer would easily differentiate PowerChurch Software and PowerChurch Plus from other software and services for management of data for use in non-profits, churches, and other religious institutions, unless, of course, the other parties were also using "POWERCHURCH" or a colorable imitation thereof.

14. The Marks remain in full force and effect, giving rise to the presumption of validity, ownership, and the exclusive right to use the Marks throughout the United States in favor of Plaintiff.

15. Plaintiff and its assignor devoted significant time, effort, and resources to the development, protection, and promotion of the Marks throughout the United States continuously since at least 1986.

16. Upon information and belief, on or about January 2023, Defendants began the unauthorized use of the business name "IPOWEREDCHURCH" as a mark in order to represent itself in the course of its business, including a prominent display of this trademark on its website and its social media pages.  *See* Exhibit C (showing copy of Defendants' website); Exhibit D (Defendants' Facebook page); and Exhibit E (Defendants' Instagram page).

17. Upon information and belief, Defendants use the "IPOWEREDCHURCH" name for providing software and software services to churches for church administration, including fundraising.

18. In June 2023, Plaintiff became aware of Defendants' unauthorized use of the infringing IPOWEREDCHURCH mark, as depicted in Exhibits C, D, and E.

19. C&J has not given written or oral permission or a license to Defendants to use the Marks as a trademark in any manner or form whatsoever.

20. Prior to the filing of the Complaint, C&J, through its counsel, requested that Defendants cease and desist use to the infringing IPOWEREDCHURCH mark. A copy of that letter is attached as Exhibit F.

21. The Defendants responded to the request by denying infringement and making threats unsupported by law or facts. *See* Exhibit G (Letter from Defendants).

22. Plaintiff replied to the response of Defendants and again received threats from the Defendants. *See* Exhibit H (reply to response to Defendants) and Exhibit I (Defendant's response to Plaintiff's reply).

23. Defendants had constructive knowledge of Plaintiff's rights in the Marks by virtue of the '159 and '646 Registrations at the time it adopted the Infringing IPOWEREDCHURCH Mark.

24. Upon information and belief, Defendants have directly, intentionally, and deceptively misappropriated and used the Marks and traded off the goodwill of the Marks by incorporating the Marks into its Infringing IPOWEREDCHURCH Mark since at least January 2023.

25. Upon information and belief, Defendants have directly, intentionally, and

deceptively misappropriated and used the Marks by incorporating the Marks into its Infringing IPOWEREDCHURCH Marks to attract consumers searching for Plaintiff.

26. Defendants' use of the Infringing IPOWEREDCHURCH Mark gave and continues to give consumers the false impression that Defendants are affiliated with, associated with, or otherwise connected to Plaintiff's services.

27. This infringement is highly likely to confuse, mislead, and deceive consumers as to the source and affiliation of Defendants' services.

28. The use of the IPOWEREDCHURCH as a trademark and any colorable imitation or variation thereof by Defendants are likely to cause mistake or confusion or deception in the minds of the public and constitutes an infringement of the Marks.

29. The infringements charged above are knowing and willful infringements.

30. On information and belief, all of the acts alleged above will continue unless enjoined by this Court. Defendants have damaged Plaintiff by reducing Plaintiff's sales, injured Plaintiff's reputation, and injured and deceived the public, thus causing Plaintiff irreparable harm, the extent of which is presently unknown.

31. As a result of Defendants' infringement, Plaintiff has been and will be greatly and irreparably damaged in the amount of which damages Plaintiff cannot ascertan except by an accounting.

## FIRST CAUSE OF ACTION

## FEDERAL TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT, 15 U.S.C. § 1114(1) et. seq.

32. Plaintiff repleads, restates, and incorporates all preceding paragraphs by reference as if fully set forth herein in their entirety.

33. This claim arises under the Lanham Act 15 U.S.C. § 1114.

34. Plaintiff possesses valid and enforceable rights in the Marks in connection with all of the goods and services at issue in this case by virtue of Plaintiff's extensive use, registration, promotion, and advertisements of the Marks, and has possessed superior rights at all relevant times herein.

35. By virtue of Plaintiff's extensive use, registration, advertisement, promotion, and consumer and marketplace recognition, the Marks are distinctive and serve as a source identifier.

36. The federal registrations of the Marks are conclusive evidence of their validity, Plaintiff's ownership of the Marks, and the exclusive right to use the Marks in commerce in connection with the services identified in the registration.

37. Defendants' unauthorized use of the Marks in interstate commerce to advertise, promote, market, and offer for sale services covered by the Marks, as described herein, constitutes willful trademark infringement under 15 U.S.C. § 1114(1) and is likely to cause consumer confusion, mistake, or deception.

38. Defendants continued the actions alleged herein after Plaintiff put Defendants on notice of its rights and demanded that Defendants cease its infringing conduct.

39. Defendants' conduct is willful, deliberate, in bad faith, and undertaken with knowledge of Plaintiff's prior and superior rights, and with full knowledge that Defendants have no right, license, or authority to use Plaintiff's trademark or any confusingly similar variant thereof, including its Infringing IPOWEREDCHURCH Mark.

40. Defendants' unauthorized use of the Plaintiff's marks is likely to cause confusion, or to cause mistake, or to deceive as to the sponsorship, affiliation, connection, or association of the Defendants or Defendants' commercial activities with Plaintiff or Plaintiff's commercial

activities, or as to the origin, sponsorship, or approval of Defendants' services or commercial activities by the Plaintiff.

41. By such wrongful acts, Defendants have caused, and unless restrained by the Court under 15 U.S.C. § 1116, will continue to cause, serious irreparable injury and damage to Plaintiff and to the goodwill associated with Plaintiff's mark and loss of income and profits to Plaintiff. This harm constitutes an injury for which Plaintiff has no adequate remedy at law.

42. Plaintiff is entitled to recover its damages, in an amount to be proven, lost profits, a disgorgement of Defendants' profits, and the costs of this action pursuant to 15 U.S.C. § 1117.

43. Upon information and belief, Defendants' unauthorized and infringing uses of the Marks were and continue to be willful, and with the intent to cause confusion, mistake, or deception, entitling Plaintiff to recover treble damages and reasonable attorney's fees under 15 U.S.C. § 1117.

44. Defendants continued and knowing use of the Marks without Plaintiff's consent or authorization constitutes intentional infringement of Plaintiff's federally registered trademarks in violation of §43 of the Lanham Act, 15 U.S.C. § 1114. Based on such conduct, Plaintiff is entitled to injunctive relief, as well as monetary damages, and other remedies provided by 15 U.S.C. §§ 1116, 1117, and 1118, including Defendants' profits, treble damages, reasonable attorney's fees, costs, and prejudgment interest.

## SECOND CAUSE OF ACTION

**FALSE DESIGNATION OF ORIGIN & FALSE DESCRIPTIONS OF FACT LANHAM ACT, 15 U.S.C. § 1125(A)(1)(A) AND (B)**

45. Plaintiff repleads, restates, and incorporates all preceding paragraphs by reference as if fully set forth herein in their entirety.

46. Defendants' use of Plaintiff's Marks in conjunction with software and software as a service is a false designation of origin.

47. Defendants do not have rights to use Plaintiff's Marks in conjunction with software and software as a service.

48. Defendants' unauthorized use of the Plaintiff's Marks is likely to cause confusion, or to cause mistake, or to deceive among consumers as to the sponsorship, affiliation, connection, or association of Defendants or Defendants' commercial activities with Plaintiff or Plaintiff's commercial activities, or as to the origin, sponsorship, or approval of Defendants'. services or commercial activities by the Plaintiff.

49. Upon information and belief, Defendants have misled and deceived consumers and is likely to continue to mislead and deceive consumers or potential consumers as to the nature, characteristics, or qualities of Defendants' services and that such conduct has, upon information and belief, influenced the purchasing decisions of consumers and is likely to continue to influence such purchasing decisions.

50. The aforementioned acts have been made in interstate commerce and in the course of such commerce and, upon information and belief, have been made maliciously, with knowledge of the falsity and misleading nature of the statements, and with the intent to unfairly compete with Plaintiff and cause consumers to obtain services from Defendants instead of Plaintiff.

51. Upon information and belief, Defendants' conduct has resulted in injury to the Plaintiff because it has influenced the purchasing decisions of consumers and potential consumers, diverted sales and potential sales of Plaintiff's services to Defendants, and damaged the substantial goodwill associated with Plaintiff and the Marks.

52. Defendants knew or should have known that its use of the Mark was likely to confuse and mislead consumers, including those searching for Plaintiff online.

53. As a direct and proximate result of Defendants' unfair competition, Plaintiff has suffered and will continue to suffer loss of income, profits, and goodwill, and Defendants have and will continue to unfairly acquire income profits and goodwill.

54. As a direct and proximate result of Defendants' intentional, unauthorized actions, Plaintiff has suffered and will continue to suffer loss of income, profits, and goodwill, and Defendants have and will continue to unfairly acquire income, profits, and goodwill. Thus, Plaintiff is entitled to recover damages in an amount to be proven, lost profits, a disgorgement of Defendants' profits, and the costs of this action under 15 U.S.C. § 1117.

55. Upon information and belief, Defendants unauthorized uses of the Marks was willful and with the intent to cause confusion, mistake, or deception, entitling Plaintiff to recover treble damages and reasonable attorney's fees under 15 U.S.C. § 1117.

56. Based on such conduct, Plaintiff is entitled to injunctive relief, as well as monetary damages, and other remedies provided by 15 U.S.C. §§ 1116, 1117, and 1118, including Defendants' profits, treble damages, reasonable attorney's fees, costs, and prejudgment interest.

## THIRD CAUSE OF ACTION

## N.C. UNFAIR AND DECEPTIVE TRADE PRACTICES ACT N.C. GEN. STAT. § 75-1.2 *ET SEQ.*

57. Plaintiff repleads, restates, and incorporates all preceding paragraphs by reference as if fully set forth herein in their entirety.

58. Defendants' acts alleged herein have been and continue to be in or affecting commerce in North Carolina and are unlawful, including without limitation, confusing the relevant consuming public.

59. Defendants' acts alleged herein have been willful, reckless, wanton, egregious, unfair, unethical, deceptive, and unscrupulous.

60. Defendants' wrongful conduct constitutes unfair methods of competition and/or unfair and deceptive acts and practices within the meaning of the North Carolina Unfair and Deceptive Trade Practice Act, N.C. Gen. Stat. § 75-1.2 *et seq*.

61. Defendants' acts alleged herein are continuing and are fully capable of repetition and are continuing to this day despite Defendants receiving a demand letter from Plaintiff regarding Defendants' continuing use of the Infringing IPOWEREDCHURCH Mark.

62. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has been damaged and is entitled to monetary and injunctive relief pursuant to N.C. GEN. STAT. § 75-16.1, and treble damages pursuant to N.C. GEN. STAT. § 75-16, all in amounts to be determined.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for relief from this Court as follows:

1. Enter judgment in its favor and against Defendants on all counts;

2. Enter a permanent injunction restraining Defendants, and its affiliates, assigns, licensees, and all those acting in privity or concert from:

   a. In any way using, displaying, advertising, copying, imitating, or infringing upon the Marks, including by using the Infringing IPOWEREDCHURCH Mark;

   b. Using or displaying the Marks or confusingly similar variations thereof, including without limitation the Infringing IPOWEREDCHURCH Mark, on or in

connection with any products or in any written, oral, or audiovisual advertisements, displays, signs, sales, promotions, the Internet, or in any other public communication in connection with Defendants' goods, services, or referral partners;

c. Otherwise infringing upon Plaintiff's Marks; and,

d. Unfairly competing with Plaintiff.

3. Order that Defendants file with the Court and serve upon Plaintiff within thirty days after issuance of an injunction, a report in writing and under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction pursuant to 15 U.S.C. § 1116.

4. Order that Defendants account for and pay over to Plaintiff all gains, profits and advantages derived from the conduct alleged herein, pursuant to 15 U.S.C. § 1117 and other applicable law;

5. Order that Defendants pay Plaintiff the damages that Plaintiff has sustain by reason of the conduct alleged herein;

6. Order that Defendants pay Plaintiff enhanced damages as provided by 15 U.S.C. § 1117 and other applicable law;

7. Order that Defendants pay Plaintiff pre-judgment interest as provided by 15 U.S.C. § 1117 and other applicable law;

8. Order that Defendants pay Plaintiff's attorneys' fees as provided by 15 U.S.C. § 1117 and other applicable law;

9. Order that Defendants pay Plaintiff the costs incurred in bringing this action as

provided by 15 U.S.C. § 1117 and other applicable law;

10. That Plaintiff be awarded its actual damages, trebled pursuant to N.C. G<small>EN</small>. S<small>TAT</small>. § 75-16;

11. That Defendants pay Plaintiff's attorneys' fees as provided by N.C. G<small>EN</small>. S<small>TAT</small>. § 75-16.1; and

12. Such other relief this Court deems necessary and proper.

## TRIAL BY JURY IS REQUESTED

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues triable by jury which are raised herein.

Dated: August 5, 2024

          s/ David M. Wilkerson
          DAVID M. WILKERSON
          NC State Bar No. 35742
          Attorney for Plaintiff
          The Van Winkle Law Firm
          11 N. Market Street
          Asheville, North Carolina 28801
          (828)258-299 (phone)
          (828)257-2767 (fax)
          dwilkerson@vwlawfirm.com