# EXHIBIT H



11 North Market Street, Asheville, NC 28801
P.O. Box 7376, Asheville, NC 28802-7376
TEL 828-258-2991

422 South Main Street, Hendersonville, NC 28792
TEL 828-697-6196

www.vwlawfirm.com

Email: dwilkerson@vwlawfirm.com

August 24, 2023

VIA EMAIL: MGARCIA@Nuevavida.media
Nueva Vida Media, LLC
Marc Angelo Garcia, Individually
c/o Marc Angelo Garcia
413 Mont Vale Rd.
Lyman, South Carolina 29365

Re: **Infringement of PowerChurch Software Trademark, Reg. No. 5862646, and PowerChurch Plus!, Reg. No. 1412159**

Mr. Garcia:

I received your response dated August 8, 2023, to the letter I sent on behalf of C&J Software Solutions, Inc. ("C&J"). I urge you to reconsider your position and speak with a trademark lawyer regarding your assertions.

First, my client appreciates your claim that you were not aware of my client's company or trademark. However, "iPowered Church" and "PowerChurch" are confusingly similar marks, and we are confident that a court will agree. Your claim that your company's social media reach is further than my client's reach is not relevant to this dispute. My client owns incontestable federal trademark registrations for these marks. The services offered are within the same category of services offered by my client, and in fact, your firm offers some of the same services as my client. Therefore, your company is infringing on my client's mark.

Second, while my client also appreciates your offer to work together, my client is not interested in doing so. For many years, my client has worked to strengthen its mark. Because my client has a registered federal trademark, it has nationwide reach, and the fact that you are located one hour away in South Carolina is not meaningful. Fourth, you draw the wrong conclusion from the fact that "PowerChurch Plus" was also registered by the USPTO. The mark was registered because they share the same owner. The USPTO would not have allowed your company to register "PowerChurch Plus", for example, just as it would not have allowed you to register "iPowered Church" as a trademark, because it is confusing similar to my clients' marks.

Your threats to notify your attorney to begin to document expenses for attorney's fees for your countersuit are not well taken. My client only wishes for you and your company to cease

from infringing on our mark. Instead of filing a lawsuit, my client reached out to inform you of the infringement and request, prior to litigation, that you cease and desist from doing so. Please be aware that the Lanham Act allows for damages against both individuals as well as companies for trademark infringement. It also allows for attorney's fees.

Last, your letter cited Ninth Circuit case law on trademarks. Although this case will be litigated in the Fourth Circuit, I am aware of Ninth Circuit law on trademarks, as I have litigated such cases in that Circuit at both the trial and appellate level. Again, your interpretation of Ninth Circuit trademark law is incorrect.

In conclusion, I urge you to speak with a trademark attorney regarding your claims. If your company had performed a trademark search prior to using your current name, then this could have been avoided. We wish to resolve this without litigation, but my client is prepared to do so if necessary to protect its mark.

Please let us know your position within the next fourteen (14) days.

Sincerely,

/s David M. Wilkerson

David M. Wilkerson

Enclosure